UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARRELL KOSSIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1026** |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

Petitioner Darrell Wayne Kossie filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging his current detention and 2004 criminal conviction in Harris County, Texas. ECF No. 1. Kossie filed his petition in an improper venue and it must be dismissed for that reason.

Kossie indicates that his criminal conviction and proceedings arose in Harris County, Texas. Harris County is within the Houston Division of the Southern District of Texas. 28 U.S.C. § 124(b)(2). Kossie is currently incarcerated in the James V. Allred Unit, which is a Texas Department of Criminal Justice facility in the town of Iowa Park, Wichita County, Texas.[1] ECF No. 3, at 1. Wichita County is within the Wichita Falls division of the Northern District of Texas. 28 U.S.C. § 124(a)(6).

The venue language applicable to federal habeas petitions is found in 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent *jurisdiction* to entertain the application. The district court for the district wherein such an application is filed in the exercise

---

[1] https://www.tdcj.texas.gov/unit_directory/ja.html.

>of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

(emphasis added). The United States Court of Appeals for the Fifth Circuit has held that this statute is jurisdictional. *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004); *Webb v. Beto*, 362 F.2d 105, 108 (5th Cir. 1966), *cert. denied*, 385 U.S. 940, *reh'g denied*, 386 U.S. 930 (1967).

The language of § 2241 does not provide venue in the Eastern District of Louisiana for Kossie's petition. Instead, the statute dictates that either the Northern District of Texas or the Southern District of Texas are proper venues with jurisdiction over Kossie's petition.

The language of § 2241(D) also permits transfer from one court with jurisdiction to another with jurisdiction in the discretion of the court and for the furtherance of justice. This court, however, is not a proper venue and is without subject matter jurisdiction over Kossie's petition. Kossie is not incarcerated in this district, and he was not charged, convicted, or sentenced within the Eastern District of Louisiana. Because this court lacks jurisdiction, it also lacks authority to transfer the petition to the Texas federal courts where venue and jurisdiction lie.

While there is case law authority to support transfer of this case, a literal interpretation of the statute suggests otherwise. The express use of the word "jurisdiction" rather than venue in the statute is compelling. In addition, the statute is clear in the second sentence that a permissible transfer is only from one court *with* jurisdiction to another with jurisdiction. These considerations, along with the United States Fifth Circuit's clear holding in *Webb* that the statute is jurisdictional, dictate that this Court lacks subject matter jurisdiction over Kossie's petition and has no authority to transfer the petition. *Accord Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (a court does not have discretion to transfer a habeas petition over which it lacks jurisdiction). In addition, it is

well settled that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must dismiss the action*." Fed. R. Civ. P. 12(h)(3) (emphasis added).

The Court also notes that Kossie has filed numerous habeas petitions in the Texas federal courts challenging various aspects of his current conviction and sentence.[2] Kossie has not indicated that he obtained authorization by the United States Fifth Circuit to proceed with a second or successive petition as required by 28 U.S.C. § 2244(b). Without that authorization, no federal district court has jurisdiction to consider Kossie's current petition. *Leal Garcia v. Quarterman*, 573 F.3d 214 (5th Cir. 2009) (citing *Burton v. Stewart*, 549 U.S. 147, 153 (2007)). This provides another basis supporting dismissal over transfer to a Texas federal court.

For the foregoing reasons, this Court is not a proper venue and lacks jurisdiction over Kossie's federal habeas petition and, therefore, lacks authority to transfer it to another court. Accordingly,

## RECOMMENDATION

It is therefore **RECOMMENDED** that Kossie's petition for habeas corpus relief under § 2254 be **DISMISSED WITH PREJUDICE** on the basis of improper venue and lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

---

[2] *See*, *e.g.*, *Kossie v. Lumpkin*, No. 21-381, ECF Nos. 11, 12 (S.D. Tex., May 1, 2021) (§ 2254 petition dismissed for lack of jurisdiction over an unauthorized successive petition); *Kossie v. Davis*, No. 20-1001, ECF No. 6 (S.D. Tex., Apr. 17, 2020) (denying pauper status and dismissing § 2254 petition as time-barred); *Kossie v. Davis*, No. 17-3571, ECF Nos. 16, 17 (S.D. Tex., Nov. 28, 2017) (§ 2254 petition dismissed for lack of jurisdiction over an unauthorized successive petition); *Kossie v. Stephens*, No. 13-2900, 2014 WL 1875822, at *1 (S.D. Tex., May 9, 2014); *Kossie v. Stephens*, No. 13-2341, ECF No. 3 (S.D. Tex., Aug. 14, 2013) (§ 2254 petition dismissed for lack of jurisdiction over an unauthorized successive petition); *Kossie v. Thaler*, No. 12-3780, 2013 WL 1003505, at *1 (S.D. Tex., Mar. 13, 2013); and *Kossie v. Thaler*, No. 12-3194, ECF No. 9 (S.D. Tex., Jan. 15, 2013) (Judgment, § 2254 petition dismissed as time-barred). *See also*, *Kossie v. Director, TDJC-CID*, No. 14-790, 2017 WL 5137408, at *1 (E.D. Tex., Nov. 4, 2017) (challenging disciplinary convictions effecting his current sentence).

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

    New Orleans, Louisiana, this 6th day of July, 2021.

                            **KAREN WELLS ROBY**
                         **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.